UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD N. BATSON and BEVERLY J. JONES-BATSON,<br><br>           Plaintiffs,<br><br>           v.<br><br>DEUTSCHE BANK TRUST AMERICAS, As Indentured Trustee for SASTA 2005-3 Mortgage Backed Assets 2005-3; MORGAN STANLEY; OCWEN LOAN SERVICING; and NORTH CASCADE TRUSTEE SERVICES,<br><br>           Defendants. | No. 2:15-cv-00329-SAB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

### Introduction

Before the Court is the Motion to Dismiss, ECF No. 5, filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank Trust Company Americas as Indenture Trustee for the registered holders of Saxon Asset Securities Trust 2005-3 Mortgage Loan Asset Backed Notes, Series 2005-3 ("Deutsche"), and the Motion to Dismiss for Failure to State a Claim, ECF No. 6, filed by Defendant Morgan Stanley. Ocwen and Deutsche filed their motion on January 11, 2016, and Morgan Stanley filed its motion on January 29, 2016. The Plaintiffs

**ORDER GRANTING MOTIONS TO DISMISS ^ 1**

have responded to both motions, though untimely. In the interests of justice, however, the Court endeavored to resolve these motions on the merits.

Though oral argument was scheduled for April 21, 2016, in Spokane, Washington, these motions are proper to hear without oral argument. *See* Local Rule 7.1(h)(3)(B)(iii). The Court reviewed the motions, as well as the related filings and documents, including those submitted for judicial notice, as well as the record for the prior federal action involving these parties and claims, which this Court presided over. *See Batson et al. v. Deutsche Bank Trust Americas et al.*, 2:15-cv-00193-SAB (E.D. Wash. July 24, 2015). For the reasons discussed below, the Court **grants** both motions to dismiss and **denies** the motion to stay.

### *Material Facts*

On April 16, 2005, the Batsons entered an agreement to purchase the property contested in the instant action, 12910 East Sinto Avenue, Spokane Valley Washington 99216. Plaintiffs executed a deed of trust to secure the purchase on July 3, 2005. Plaintiffs noted discrepancies with their payments, and notified Saxon Mortgage, and later Ocwen, and contested the terms of the deed for many years.

Plaintiffs eventually defaulted on their loan payments. A Notice of Trustee Sale was posted on the property on March 28, 2015, which was filed on June 1, 2015 with the Spokane County Auditor. The Plaintiffs' filed a complaint on June 26, 2015 in Spokane County Superior Court, alleging Wrongful Foreclosure, Intent to Defraud, Wrongful Claim to Debt Secured by Deed, Violation of Consumer Rights, and Violation of Plaintiffs' Civil Rights. The case was removed to this Court's jurisdiction on July 24, 2015 and given cause number 2:15-cv-00193-SAB ("'193 case"). Plaintiffs' moved for a preliminary injunction on August 21, 2015 to halt the trustee's sale. The Court denied the motion and granted motions to dismiss, ending all claims except a cause of action under the federal Real Estate Procedures Act, 12 U.S.C. § 2601. The '193 case is pending.

ORDER GRANTING MOTIONS TO DISMISS ^ 2

Plaintiffs filed a second complaint, beginning the instant case, in Spokane County Superior Court on November 12, 2015, six days after this Court granted the motions to dismiss. The complaint included claims for Wrongful Non-Judicial Foreclosure and Fraud. Defendants removed the complaint to this Court on December 1, 2015, and the motions to dismiss followed shortly.

### Standard

A motion to dismiss for failure to state a claim may be granted only when the plaintiff's allegations, taken as true, demonstrate the plaintiff is not entitled to relief as a matter of law. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Mendocino Environ. Cntr. v. Mendocino Cnty.*, 14 F.3d 457, 460 (9th Cir. 1994). The Court accepts all allegations in the complaint as true, and draws reasonable inferences in favor of the plaintiff. *Hays v. City of Spokane*, No. CV-11-0010-LRS, 2011 WL 4852311, at *2 (E.D. Wash. Oct. 13, 2011). Furthermore, the complaint must be construed in the light most favorable to Plaintiffs. *Parks Schl. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the Court need not take legal conclusions as factual allegations. *Iqbal*, 556 U.S. at 678. Overall, the claims for relief must be plausible on their face. *Id.*

The Court may take judicial notice of and consider filed litigation documents as public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The Court hereby takes notice of the docket in the '193 case, and the documents contained therein.

### Analysis

This case is governed by the law of claim preclusion, which prevents the re-litigation of claims that have already been brought to court. Because this Court sits in diversity and considers Plaintiffs' state law claims for wrongful foreclosure and fraud, Washington law on claim preclusion applies. *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001).

//

**ORDER GRANTING MOTIONS TO DISMISS ^ 3**

The doctrine of claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986). Claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

The rule applies when two cases are identical in respect to "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1241 (W.D. Wash. 2006) (citing *Rains v. State*, 100 Wn.2d 660, 663 (1983)).

Because the rule applies to all grounds for recovery which could have been asserted, there is no need for the Court to analyze the substantive merit of Plaintiffs' new claims;[1] the Court need only examine the four factors listed above to discern if the previously-adjudicated claims are being brought once more. *Noel v. Hall*, 341 F.3d 1148, 1171 (9th Cir. 2003).

There can be no doubt that claim preclusion applies. The Batsons, plaintiffs in the '193 case and here, bring claims for an identical factual pattern: the allegedly improper and fraudulent foreclosure of the house in Spokane Valley, Washington. The subject matter is identical. The '193 complaint brought causes of action under wrongful foreclosure, fraud, civil rights violations, and a variety of federal statutory claims. The instant case brings claims under fraud and wrongful foreclosure, so there is an identity between causes of action. Indeed, the causes

---

[1] The Court notes that one reason it dismissed the wrongful foreclosure claim under RCW 61.24.130(1) in the '193 case, Order Granting in Part and Denying in Part Motions to Dismiss, 2:15-cv-00193-SAB, ECF No. 59 at 4, is that the Washington Deed of Trust Act does not allow damages before a foreclosure sale is completed. *Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at *12 (E.D. Wash. Feb. 24, 2009). The previous suit was initiated before the foreclosure sale occurred. Plaintiffs could plausibly argue that because the sale has now taken place, they are entitled to damages. However, as the '193 order makes clear, Plaintiffs did not allege an actual violation of the Deed of Trust Act in the '193 case. Even if the instant complaint alleges new issues, under the rule of claim preclusion, "all grounds for recovery *which could have been asserted*" are moot. *Clark*, 966 F.2d at 1320 (emphasis added).

**ORDER GRANTING MOTIONS TO DISMISS ^ 4**

arise from the same nucleus of fact, entail the infringement of the same rights, are based on the same evidence, and would impact determinations and rights established under the '193 case. *Constantini v. Trans World Airlines*, 681 F.2d 199, 1201-02 (9th Cir. 1982).

In the '193 case, Richard Batson and Beverly Jones-Batson sued Deutsche, Morgan Stanley, Ocwen, Cascade National Trust, and various anonymous parties, in their roles as loan originators, trustee, and loan servicer. In this case, Richard Batson and Beverly Jones-Batson again sue Deutsche, Morgan Stanley, Ocwen, and Cascade for the same actions and roles in the '193 case. The parties are therefore identical. The fact that the anonymous parties are not included in this suit does not prevent a finding of identity. *See, e.g.*, *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940) ("[P]arties nominally different may be, in legal effect, the same.").

The Court's order in the '193 action dismissing the claims served as a judgment on the merits of Plaintiffs' claims, and so precluded their refiling in any court, state or federal. This case presents a paradigmatic example of claim preclusion, and the Court applies it to Plaintiff's complaint. And because the standard for claim preclusion applies to *all* facts or claims that *should* have been considered in the former case, any new information or claims Plaintiffs plead are precluded. This renders any future amendment of the complaint futile, and thus this case is dismissed with prejudice. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Plaintiffs styled their responses to Defendants' motions to dismiss as motions for summary judgment. ECF Nos. 8 & 9. The Court construed them properly as responses. Plaintiffs are correct that Defendants have not shown a dispute as to any material fact; indeed, under the standard of a motion to dismiss, the Court and the Defendants, have assumed all facts pled by Plaintiffs as true.

**ORDER GRANTING MOTIONS TO DISMISS ^ 5**

Defendants *have* shown that the facts alleged in the instant complaint are identical to those in the '193 case, and that the causes of action are identical. This is confirmed by a review of both complaints, and Defendants' request for judicial notice of the '193 case materials accomplishes the same. Plaintiffs never provide any information on how the claims or facts are different in any way, instead baldly asserting that there are "differences in governing law, Defendant [sic] named, and legal theories." ECF No. 8 at 4:20-5:1. Plaintiffs allege no different governing law; the Defendants *are* identical; and styling a "fraud" claim as "intent to defraud" does not create a new cause of action. It strains credulity that the Plaintiffs argue in good faith that this case differs in any way from the '193 case.

### *Conclusion*

The Court hereby **dismisses** this case **with prejudice**. The '193 case is the only vehicle where Plaintiffs can vindicate any legal rights resulting from the foreclosure of their house.

Given the emotional nature of the claims involved in this case, as well as Plaintiffs' pro se status, the Court declines to sanction Plaintiffs at this time. The Court notes that any future complaints relating to these claims could be met with sanctions and attorneys' fees for Defendants.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING MOTIONS TO DISMISS ^ 6**

1  //

2  //

3      Accordingly, **IT IS HEREBY ORDERED:**

4      1. Defendants Deutsche and Ocwen's Motion to Dismiss, ECF No. 5, is

5  **GRANTED**.

6      2. Defendant Morgan Stanley's Motion to Dismiss, ECF No. 6, is

7  **GRANTED**.

8      3. Plaintiff's Motion to Stay Pending Disposition of a Motion to Grant

9  Amendment, ECF No. 10, is **DENIED**.

10      4. All claims are **dismissed with prejudice**. Because Plaintiffs can plead no

11  set of facts that would entitle them to relief, leave to amend would be futile, and is

12  denied.

13      5. The hearing scheduled for April 21, 2016, in Spokane, Washington, is

14  **VACATED**.

15      **IT IS SO ORDERED.** The District Court Executive is hereby directed to

16  file this Order, provide copies to counsel and pro se Plaintiffs, and **close the file**.

17      **DATED** this 22nd day of March, 2016.

18

19

20  

21

22

23      Stanley A. Bastian
United States District Judge

24

25

26

27

28

**ORDER GRANTING MOTIONS TO DISMISS ^ 7**